UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOUDON, et al.,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, et al.,<br><br>　　　　　　　Defendant. | Case No.: 18cv2508-LAB (NLS)<br><br>**ORDER DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS; AND**<br><br>**ORDER OF DISMISSAL** |

Plaintiffs David Loudon and Celest Loudon are litigating against Deutsche Bank National Trust Company and MTC Financial, Inc. dba Trustee Corps, in California state court. They have removed that case multiple times and are currently subject to sanctions for removing it even though they knew they knew removal was improper. *See* Docket no. 4 in case 18cv2507-LAB (NLS), *Deutsche Bank Nat'l Trust Co. v. Loudon* (S.D. Cal., filed November 1, 2018).

In this case, Plaintiffs filed motions for leave to proceed *in forma pauperis* ("IFP"). If the motions were granted, the Court would be required to screen the complaint immediately and to dismiss it to the extent it fails to state a claim. 28 U.S.C. §§ 1915(e)(2); 1915A; *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (holding that district courts must screen all IFP plaintiffs' complaints, not just

1

prisoners'). The Court is also required to raise and address jurisdictional issues in all cases, *sua sponte* if necessary, whenever there is a doubt as to its jurisdiction. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 278 (1977). In addition, the Court can deny IFP if the complaint would be subject to dismissal after screening. *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998).

The complaint alleges that Defendants are about to wrongfully sell the Loudons' property in a foreclosure sale, and seeks injunctive relief. The injunction would run against both Defendants, and the complaint alleges that both Defendants committed wrongful acts in order to bring about the foreclosure.

The complaint does not identify any basis for jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Plaintiffs' claims arise under state law and no substantial federal question is presented. They have not alleged facts to support diversity jurisdiction. Furthermore, the records in this litigation and public records available on the California Secretary of State's website suggest that they and Defendant MTC Financial are not diverse.

In spite of the complaint's conclusion that a foreclosure sale is imminent, the facts make clear this is wrong. Deutsche Bank bought the Loudons' property at a foreclosure sale in 2011. (Compl., ¶ 9.) The case the Loudons have repeatedly removed is an unlawful detainer action by Deutsche Bank, attempting to gain possession of the property from the Loudons. The Court obviously cannot enjoin a sale that took place eight years ago, and this claim is moot.

Furthermore, even if Plaintiffs filed an amended complaint invoking the Court's jurisdiction, it is clear such a complaint would be subject to dismissal because the statute of limitations has passed. *See Kirkpatrick v. Restropo*, 2018 WL 360231, at *5 and n.6 (Cal. App. 2 Dist., Jan. 11, 2018) (citing Cal. Civ. Proc. Code, §§ 338, 343; *Walters v. Boosinger*, 2 Cal. App. 5th 421, 428 (Cal. App. 4 Dist., 2016); *Robertson v. Superior Ct.*, 90 Cal. App. 4th 1319, 1326–27 (Cal. App. 1 Dist., 2001)) (holding that fraud and wrongful foreclosure claims were barred by

three- and four-year limitations periods, respectively). As to any other claims Plaintiffs might have, the Court would abstain while the state case is pending. *See Scherbenske v. Wachovia Mortg., FSB*, 626 F. Supp. 2d 1052, 1058 (E.D. Cal., 2009) (citing *Colorado River Conservation Dist. v. United States*, 424 U.S. 800 (1976); *40235 Washington Street Corp. v. Lusardi*, 976 F.2d 587 (9th Cir. 1992)) (holding that abstention was required while unlawful detainer action was pending in state court). And after that case is adjudicated, the *Rooker-Feldman* doctrine would bar litigation or review of matters either decided in that action, or inextricably intertwined with the state court's decision. *See Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008).

The Court lacks jurisdiction over the claims as pled, and Plaintiffs clearly cannot successfully amend. The two IFP motions are therefore **DENIED** and the complaint is **DISMISSED WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED**.

Dated: January 11, 2019

*[signature]*

Hon. Larry Alan Burns
United States District Judge